UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASTER DELANEY WHETSTONE,

    Petitioner,

v.

Case No: 5:21-cv-162-Oc-SPC-PRL

WARDEN, FCC COLEMAN - LOW,

    Respondent.

## **OPINION AND ORDER**[1]

Petitioner Caster Delaney Whetstone is a federal inmate who initiated this case by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). He challenges the validity of his 2018 conviction and sentence in the United States District Court for the District of South Carolina for possession with intent to distribute cocaine and possession of a firearm by a convicted felon. *United States v. Whetstone*, Case No. 3:16-cr-67-JFA-1. Petitioner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 was denied. *Id.* at Doc. 90. In the present petition, Petitioner alleges

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

that trial counsel was constitutionally ineffective for misadvising him prior to his entry of a guilty plea. (Doc. 1).

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255. The "savings clause" of § 2255(e) permits a federal prisoner to challenge his sentence pursuant to § 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of demonstrating that a § 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017).

The United States Court of Appeals for the Eleventh Circuit has held that 28 U.S.C. § 2241 is not available to challenge the validity of a sentence except on very narrow grounds. *McCarthan,* 851 F.3d at 1079.

> [The Eleventh Circuit] gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate. If a prisoner's claim falls into these categories, he may file a § 2241 habeas petition under the saving clause in § 2255(e). However, if a prisoner's claim merely challenges 'the validity of his sentence,' he cannot proceed under § 2241 because he could raise this claim in a § 2255 motion.

*Williams v. Warden, FCC Coleman*, 2020 WL 773016, at *2 (11th Cir. Feb. 18,

2020) (internal citations omitted).

Also relevant is Rule 12(h)(3) of the Federal Rules of Civil Procedure. It provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings.

In the present case, the Court does not have subject matter jurisdiction over Petitioner's claims because he is not entitled to pursue relief under § 2241. Petitioner challenges the validity of his sentence, not the execution of his sentence, and therefore he cannot avail himself of the savings clause of § 2255(e). The Court thus dismisses this case for lack of jurisdiction. *See also* 28 U.S.C. § 2255(b); Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief).

Accordingly, it is

**ORDERED:**

(1) This case is **DISMISSED without prejudice** for lack of jurisdiction.

(2) The Clerk is **DIRECTED** to enter judgment dismissing this case, deny as moot any pending motions, and close the file.

**DONE and ORDERED** in Fort Myers, Florida, on this 12th day of April 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies to: Caster Delaney Whetstone, *pro se*